UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD GASKIN,

     Plaintiff,                         CIVIL ACTION NO. 14-10859

     v.                         DISTRICT JUDGE VICTORIA A. ROBERTS
                                  MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.    **RECOMMENDATION**:

      Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant

**GRANTED**, as substantial evidence exists on the record that claimant remains capable of

performing a significant number of jobs in the economy.

II.    **REPORT**

    A.    **Introduction and Procedural History**

      Plaintiff filed an application for Social Security Supplemental Security Income (SSI)

benefits on July 7, 2011[1], alleging that he had become disabled and unable to work on

---

[1]Plaintiff filed a prior application for SSI benefits alleging the same disability as the present
application, which was denied by the SSA and not pursued further. Consequently, res judicata applies to the
determination of Plaintiff's condition through the date of the unchallenged administrative decision

October 20, 2010, at age 48, due a major affective disorder and a history of heroin dependence. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on October 2, 2012, before Administrative Law Judge (ALJ) David Neumann. The ALJ found that the claimant was not entitled to disability benefits because he retained the ability to perform a significant number of jobs existing in the economy. The Administrative Law Judge determined that the claimant could work at all exertional levels from sedentary to heavy, but could not perform complex assignments where he was subjected to frequent changes in the work setting. The ALJ also restricted Plaintiff from jobs involving more than minimal contact with co-workers or the general public. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 50 years old at the time of the administrative hearing (TR 29). He had graduated from high school, and had been employed as a security guard, a janitor and as a garment sorter during the relevant past (TR 13, 30). Claimant testified that he was totally disabled as a result of depression, mood swings and social isolation (TR 31, 35). He asserted that he did not have any interests or hobbies (TR 41). Plaintiff alleged that he spent the

---

(February 2, 2009). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does present a federal constitutional challenge to the SSA's application of res judicata

majority of time at home isolated in his room having little contact with family and friends (TR 31, 42).

In a third party function report, claimant's sister stated that Plaintiff had difficulty concentrating, understanding and following instructions (TR 180). He allegedly did not handle stress well (TR 189), and did not relate well to authority figures (TR 183). The sister confirmed that Plaintiff was anti-social, indicating that he did not "mix well" with others (TR 176).

A Vocational Expert, Scott Silver, classified Plaintiff's past work as sedentary to light, skilled activity (TR 45). If the claimant was physically capable of a full range of work, but whose mental difficulties limited him to simple job assignments where he had no more than occasional changes in the work setting, the witness testified that there were numerous retail stock clerk, janitorial and garment sorting jobs that Plaintiff could perform (TR 47). These jobs did not necessitate working with the general public or maintaining close contact with co-workers. These low-stress jobs did not require performing complex tasks (TR 46-47). However, if claimant needed to be off work for more than 20 percent of the workday on a consistent basis, then all work activity would be precluded (TR 47).

### B.    ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of a major affective disorder and a history of heroin abuse and dependence, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's mental impairment precluded him from performing complex tasks, and from

3

frequent contact with the general public and co-workers.  Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a reduced range of heavy, light and sedentary unskilled work, within those limitations, as identified by the Vocational Expert.

### C.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court

4

would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains that his affective disorder has prevented him from returning to work.  The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2014).

### D.    Discussion and Analysis

After review of the record, I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of work at all exertional levels. The relevant medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from his affective disorder.

Plaintiff testified at the October 2012, hearing that he had been actively engaged over the past 18 months searching for work.  After completing  vocational rehabilitation classes, the claimant stated that he sent his resume to numerous potential employers and went on several job interviews (TR 39-40). Plaintiff explained that he discovered potential job openings using a computer that searched the internet (TR 40).  He acknowledged that his job search skills had improved after he completed vocational rehabilitation training (TR 40).  While the attempt to find another job proved unsuccessful, Plaintiff's active engagement

looking for work suggests that his affective disorder was not totally disabling. It shows that Plaintiff remains capable of learning such work skills as resume preparation, computer utilization and job interview interaction. The ALJ properly took this into consideration when determining claimant's residual functional capacity (RFC) to perform substantial gainful activity.

The primary challenge made by Plaintiff to the Commissioner's decision is that the ALJ erred in finding Plaintiff capable of returning to his past work, and in formulating his hypothetical questions to the Vocational Expert. As to the hypothetical questions, however, the ALJ included significant mental limitations in his RFC finding. He recognized that the claimant was limited in understanding, remembering and carrying out complex, detailed instructions. Consequently, he limited Plaintiff to jobs that involved simple, routine work. Furthermore, the ALJ found that the claimant could not engage in work involving frequent work setting changes, and that he should avoid work activity that involved more than occasional interaction with the general public and co-workers (TR 15-16).

The Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by his affective disorder. There was no need for the ALJ to have included in his hypothetical question a limitation that claimant had moderate limitations in concentration, persistence or pace. Contrary to Plaintiff's assertion, the hypothetical adequately accounted for that impairment by including a limitation to "simple routine repetitive work at [a specific vocational preparation level of] 1 or 2" in a "low stress job, defined as having no more than occasional changes in the work setting". (TR 46).

Moreover, the claimant fails to demonstrate anything in the medical record that would justify a more restrictive hypothetical.

Unskilled work, by definition, is limited to understanding, remembering and carrying out only simple instructions and requiring little, if any, judgment. 20 C.F.R. 404.1568(a)(2014). Under these circumstances, the ALJ's hypothetical questions accurately portrayed Plaintiff's impairment. The Vocational Expert was aware of claimant's mental limitations before he identified the types of jobs that the Plaintiff could still perform (TR 46-47).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

The Commissioner met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled

retail stock clerk, janitorial and garment sorting jobs that Plaintiff could still perform[2] (TR 47). These jobs did not necessitate working with the general public or maintaining close contact with co-workers. These low-stress jobs did not require performing complex tasks. They involved no more than occasional changes in the work setting (TR 46-47). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of work activity at all exertional levels.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir.

---

[2]As mentioned, Plaintiff argues that the ALJ erred during his step four determination (See Plaintiff's Brief in Support of Summary Judgment at pp 6-9). I suggest that any legal error at step four is harmless in view of the ALJ's alternate finding at step five that other jobs existed in significant numbers in the national economy that claimant could still perform. " Best-Willie v. Colvin, 514 F. App'x 728, 738 (10th Cir. 2013); see also Rice v. Comm'r of Soc. Sec., 12-CV-15690, 2014 WL 521045, at *8 (E.D. Mich. Feb. 10, 2014) (citing Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008)) ("Although the ALJ's step four determination constitutes error, it is harmless error in light of the ALJ's alternative finding at step five"). See (TR 18-20).

8

1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991)  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/ <u>Charles E. Binder</u>
CHARLES E. BINDER
Dated: November 19, 2014                    United States Magistrate Judge