UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Leonard Gaskin,**

        Plaintiff,                      Case No. 14-10859
                                             Hon. Victoria A. Roberts

v.

**Commissioner of Social Security**

        Defendant.

_____/

**ORDER: (1) ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. # 14); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. # 13); AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. # 11)**

**I.    INTRODUCTION**

This matter is before this Court on the parties' cross-motions for summary judgment. Leonard Gaskin ("Gaskin") challenges a final determination by the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance Benefits. This matter was submitted to Magistrate Judge Charles Binder for report and recommendation. The Magistrate Judge recommends that the Court grant the Commissioner's Motion for Summary Judgment and deny Gaskin's Motion for Summary Judgment. He says the Commissioner's decision is supported by substantial evidence.

The Magistrate Judge says the relevant medical evidence, as a whole, does not support Gaskin's assertion that his impairments are totally disabling. Moreover, the

1

Magistrate Judge cited Gaskin's vocational rehabilitation classes and search for work as proof that Gaskin's condition is not totally disabling. The Magistrate Judge also noted that the ALJ's hypothetical questions accurately accounted for Gaskin's impairments.

The Court: (1) **ADOPTS** the Magistrate Judge's Report and Recommendation; (2) **GRANTS** the Commissioner's Motion for Summary Judgment; and, (3) **DENIES** Gaskin's Motion for Summary Judgment..

## II. FRAMEWORK FOR DISABILITY DETERMINATIONS

Under 42 U.S.C. § 423, a wage earner suffering from a disability is entitled to disability benefits. The act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The claimant bears the burden to prove entitlement to benefits. *Dice v. Comm'r of Soc. Sec.*, No. 12-CV-11784, 2013 WL 2155528, at *6 (E.D. Mich. Apr. 19, 2013). To determine if a person is disabled and eligible for benefits, the Commissioner uses a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that significantly limits ... physical or mental ability to do basic work activities, benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled

2

>regardless of age, education or work experience.
>
>Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
>Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Id.* (*citing* 20 C.F.R. § 404.1520.) For the first four steps, the claimant bears the burden to prove the severity of impairment and that it precludes the performance of work. *Spreeman v. Comm'r of Soc. Sec.*, No. 12-12641, 2013 WL 5212023, at *2 (E.D. Mich. Sept. 16, 2013). At the fifth step, the burden shifts to the Commissioner to show that other jobs exist in the national economy that the claimant is qualified to perform despite impairment. *Id.* To meet this burden, the Commissioner's decision must be supported by substantial evidence. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays the claimant's individual physical and mental impairments. *Id.*

## III.   STANDARDS OF REVIEW

### A.   Substantial Evidence

A person may seek judicial review of any final decision of the Commissioner of Social Security; however, the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889

F.2d 679, 681 (6th Cir. 1989) (*citing Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could also support the opposite conclusion. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). And, if the Commissioner's decision is supported by substantial evidence, it must stand, regardless of whether the Court would resolve the disputed facts differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

"In determining whether the Secretary's factual findings are supported by substantial evidence, a court must examine the evidence in the record taken as a whole, and take into account whatever in the record fairly detracts from its weight." *Id.* (citations omitted). Thus, in reviewing the Commissioner's decision, the court may consider only the record that was before the ALJ, and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *See*, *id.*

### B. Reviewing Report and Recommendation

If a party properly objects to a magistrate judge's report and recommendation, a court will "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636. Moreover, the court may receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.* If a general objection is made, or an objection merely reiterates the same arguments made by the objecting party in its original papers, then the court will review the relevant portion of the report and recommendation for clear error. *Petersen v. Astrue*, No. 3:11-CV-0116 GTS/VEB,

4

2012 WL 4449663 (N.D.N.Y. Sept. 25, 2012).

### III. ANALYSIS

#### A. Administrative Record

The ALJ sufficiently summarizes the administrative record and relevant medical records. The ALJ's summary is incorporated by reference here. The Court relies on additional facts and history where noted.

#### B. Gaskin's Objections

Gaskin says the Court should reject the Magistrate Judge's recommendation, reverse the Commissioner, grant his Motion for Summary Judgment, and award benefits from the application date, or, in the alternative, remand the case for further assessment. He says the Magistrate Judge: (1) failed to address the ALJ's failure to evaluate Gaskin's work capabilities under 20 C.F.R. § 404.1520a(C)(2); (2) failed to address the issue of res judicata as it pertains to the Commissioner's previous finding that Gaskin was unable to perform relevant past work; (3) erred in finding that Gaskin worked as a sorter; (4) erred in concluding the hypothetical questions posed to the VE accurately described Gaskin's limitations; (5) erred in finding that the ALJ decision is supported by substantial evidence; and (6) erroneously reported that Gaskin alleged he was totally disabled.

##### 1. 20 C.F.R. § 404.1520a(C)(2)

Gaskin says the Magistrate Judge and the ALJ failed to evaluate Gaskin's work capabilities under 20 C.F.R. § 404.1520a(C)(2), and whether Gaskin could work on a sustained basis. The Court disagrees. The ALJ followed the proper procedure and

5

made a determination under 20 C.F.R. § 404.1520a(C)(2).

20 C.F.R. § 404.1520a identifies the procedure the ALJ must follow in evaluating mental disability claims. *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001). According to 20 C.F.R. § 404.1520a(c)(2), if a mental impairment is severe under 20 C.F.R. § 404.1520a(c)(1), the ALJ must "determine if it meets or equals a listed mental disorder under 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00–12.09." *Id.* "If the impairment is severe, but does not reach the level of a listed disorder, then the ALJ must conduct a residual functional capacity assessment" under 20 C.F.R. § 404.1520a(c)(3). *Id.* Section 404.1520a(c)(3) examines the four functional areas in which the ALJ rates the degree of functional limitation: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.

Here, the ALJ applied the five-step sequential analysis, and concluded that Gaskin was not disabled.

At step one, the ALJ found that Gaskin has not engaged in substantial gainful activity since July 7, 2011.

At step two and three, the ALJ determined that Gaskin had multiple severe impairments: affective disorder and a history of heroin dependence and abuse. As required by § 404.1520a(C)(2), the ALJ examined the severity of the impairments, and concluded that the impairments did not meet or exceed the criteria of listed disorders 12.04 (affective disorder) or 12.09 (substance addiction disorder) in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ proceeded to examine Gaskin's activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. The

6

ALJ determined Gaskin did not have episodes of decompensation, but he had a mild restriction on his daily living activities, and moderate restrictions on his social functioning, concentration, persistence, and pace.

The ALJ did not believe Gaskin's testimony concerning the intensity, persistence, and limiting effects of his symptoms. The ALJ cited numerous medical reports from Gaskin's treating psychiatrist Dr. Nadimpalli Raju. The reports stated that Gaskin was in therapy and taking a new medication, Trazodone, to combat depressive symptoms. He was doing well and responding to the therapy; he did not suffer from adverse side effects from the medication.

At step four, the ALJ concluded Gaskin was able to perform past relevant work as a sorter; but, in the alternative, at step five, the ALJ found, based on the testimony of the VE, there are jobs that exists in significant numbers in the national economy that Gaskin can perform, such as a cleaner or laborer, based on his age, education, work experience and residual functional capacity.

The ALJ followed the proper procedure and analyzed Gaskin under 20 C.F.R. § 404.1520a(C)(2).

### 2. Res Judicata and Step Four Determination

Finding number four, that Gaskin could perform past work as a sorter, was erroneous according to Gaskin, because the doctrine of res judicata makes the Commissioner's previous determination from 2009 that Gaskin could not perform past work as a sorter binding on the current proceeding. Moreover, Gaskin says it was error for the ALJ to find that he worked as a sorter because the sorter activity was done on an unpaid voluntary basis. Gaskin's objection lacks merit.

7

Errors at step four are considered harmless when the ALJ makes an alternative determination at step five, and finds that a claimant can perform work that exists in significant numbers in the national economy. *Rice v. Comm'r of Soc. Sec.*, No. 12-CV-15690, 2014 WL 521045, at *8 (E.D. Mich. Feb. 10, 2014) (*citing Dunnett v. Comm'r of Soc. Sec.*, No. 12–10930, 2013 WL 4604445, at *15 (E.D.Mich. Aug.29, 2013). *See also*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir.2008). Here, the ALJ found that Gaskin could perform past work as a sorter; however, the analysis did not end there. The ALJ made a step five determination and found that Gaskin could perform work as a laborer or cleaner. Thus, while it may be true that res judicata applies to the ALJ's step four decision, and it was error to find that Gaskin could perform that past work, any error committed by the ALJ at step four was rendered harmless by the step five determination.

### 3. Hypothetical

Gaskin says the hypothetical posed to the VE did not accurately account for Gaskin's limitations. Specifically, Gaskin says the hypothetical failed to account for his moderate difficulties in concentration, persistence, and pace. The Court disagrees.

A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments. *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001). However, a hypothetical question "need not incorporate a listing of the claimant's medical conditions." *Infantado v. Astrue*, 263 F. App'x 469, 476 (6th Cir. 2008). Instead, the vocational expert's testimony must take into account the claimant's functional

8

limitations. *Id.* And, the court must examine the record as a whole and determine if substantial evidence supports the ALJ's decision. *Mortzfield v. Comm'r of Soc. Sec.*, No. 12-15270, 2014 WL 1304991, at *16 (E.D. Mich. Mar. 31, 2014).

To account for moderate concentration, persistence, and pace deficiencies, an "ALJ is not required to include the phrase 'moderate deficiencies in concentration, persistence, and pace' or other talismatic language in the hypothetical." *Id.* And, "while neither 'simple routine tasks' nor 'a low stress environment,' considered piecemeal, would account for moderate concentrational deficiencies, these limitations, along with a work atmosphere requiring 'minimal changes' may be read cumulatively to encompass his moderate impairments." *Hetherington v. Comm'r Of Soc. Sec.*, No. 08-11133, 2009 WL 1803238, at *5 (E.D. Mich. June 23, 2009).

The ALJ proposed multiple hypothetical questions to the VE that were progressively more restrictive. The last hypothetical asked whether jobs are available for an individual who was Gaskin's age, with the same education and past work experience. The person would be able to tolerate occasional contact with supervisors, coworkers, and the public. Also, the person would be able to perform a low stress job with occasional changes that involved simple, routine, and repetitive work. (Tr. 46 - 47). The VE replied that the sorter position would be available, as well as two other unskilled jobs: cleaner or laborer. *Id.* Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568.

The hypothetical completely accounted for Gaskin's limitations. Thus, it was proper. The VE's testimony in response to the hypothetical constitutes substantial

9

evidence.

### 4. Substantial Evidence

Gaskin says the ALJ's decision is not supported by substantial evidence. The Court disagrees. The ALJ cites extensively to medical reports from Gaskin's treating psychiatrist Dr. Raju. The ALJ noted that on six different occasions Dr. Raju wrote that Gaskin was doing well with his medications. Also, Dr. Raju noted Gaskin responded well to supportive therapy and his depressive symptoms were under better control. Dr. Raju's reports demonstrate that Gaskin had average intelligence; he was in contact with reality; oriented as to time, person, and place; and, his gross memory was intact. Moreover, he was aware of right and wrong and the consequences of behavior. Thus, there exists objective medical evidence throughout Gaskin's record to support the ALJ's conclusion. And, as noted, the VE's testimony constitutes substantial evidence. Therefore, the ALJ's decision is supported by substantial evidence.

### 5. Other Objections

The Court evaluated Gaskin's other objections; they are without merit.

## IV. CONCLUSION

The Court **ADOPTS** the Magistrate Judges Report and Recommendation; **GRANTS** the Commissioner's Motion for Summary Judgment; and, **DENIES** Gaskin's Motion for Summary Judgment.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 21, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 21, 2015.

S/Carol A. Pinegar
Deputy Clerk